IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| STEVE BULLOCK, in his official capacity as Governor of Montana;<br><br>*Plaintiff,*<br>vs.<br><br>UNITED STATES POSTAL SERVICE; and LOUIS DEJOY, in his official capacity as Postmaster General<br><br>*Defendants.* | Case No. 4:20-cv-00079<br><br>The Honorable Brian Morris, Chief Judge |

### JOINT STIPULATION TO STAY CASE
### IN LIGHT OF SETTLEMENT AGREEMENT

On this 14th day of October, 2020, the Parties, by and through their undersigned counsel, hereby stipulate and agree to stay this case in light of the agreement between the parties to settle. *See* attached Settlement Agreement. Accordingly, the Parties move this Court to vacate the October 15, 2020 hearing, and to stay all deadlines in this proceeding pending further motion of the parties and/or the entry of a stipulation of dismissal. As provided in the attached Settlement Agreement, this Court retains jurisdiction to enforce the terms of this agreement until the dismissal of this case in accordance with the Parties' agreement.

1

Respectfully submitted,

Date: October 14, 2020

/s/ Raphael Graybill
RAPHAEL GRAYBILL
Chief Legal Counsel
RYLEE SOMMERS-FLANAGAN
Deputy Legal Counsel
Office of the Governor
P.O. Box 200801
Helena, MT 59620-0801
(406) 444-3179

*Counsel for Plaintiff Governor Bullock*

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC WOMACK
Assistant Branch Director, Federal Programs Branch

/s/ John Robinson
JOSEPH E. BORSON
KUNTAL V. CHOLERA
ALEXIS ECHOLS
DENA M. ROTH
JOHN ROBINSON
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 616-8489
john.j.robinson@usdoj.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| STEVE BULLOCK, in his official capacity as Governor of Montana;<br><br>*Plaintiff,*<br>vs.<br><br>UNITED STATES POSTAL SERVICE; and LOUIS DEJOY, in his official capacity as Postmaster General<br><br>*Defendants.* | Case No. 4:20-cv-00079<br><br>The Honorable Brian Morris, Chief Judge |

## PROPOSED ORDER

Pursuant to the parties' stipulation, it is hereby ORDERED that the October 15, 2020 hearing is VACATED; it is further ORDERED that all deadlines in this action are STAYED pending further Order of the Court or the dismissal of this action.

_____
The Honorable Brian Morris
United States District Chief Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| STEVE BULLOCK, in his official capacity as Governor of Montana;<br><br>*Plaintiff,*<br>vs.<br><br>UNITED STATES POSTAL SERVICE; and LOUIS DEJOY, in his official capacity as Postmaster General<br><br>*Defendants.* | Case No. 4:20-cv-00079<br><br>The Honorable Brian Morris, Chief Judge |

## AGREEMENT

WHEREAS Plaintiff has brought this suit seeking to enjoin certain operational changes allegedly implemented by the United States Postal Service ("USPS"), so that such changes would not affect the 2020 November Election.

WHEREAS Defendants have implemented Operating Instructions and Supplemental Guidance making clear that the operational changes of which Plaintiff complains have been and will be resolved until after the 2020 November Election.

WHEREAS the Parties have reached agreement on a means to postpone this lawsuit and potentially reduce the cost and burden of additional litigation.

The Parties therefore enter into the following agreement:

1. Defendants shall comply with the "Clarifying Operational Instructions" issued on September 21, 2020, and attached hereto as Exhibit A. These include,

4

but are not limited to, restrictions on the reductions of retail hours, the removal of collection boxes, the closure or consolidation of mail processing facilities, and the removal of mail sorting machines; establishing the policy that "late or extra trips that are reasonably necessary to complete timely mail delivery [are] not to be unreasonably restricted or prohibited"; providing that overtime is not to be banned or newly restricted; and permitting hiring for Craft positions pursuant to the applicable collective bargaining agreement, subject to the time limitations provided in Paragraph 7.

2. Defendants shall comply with the "Additional Resources for Election Mail Beginning October 1" issued on September 25, 2020, and attached hereto as Exhibit B, subject to the time limitations provided in Paragraph 7.

3. Defendants shall prioritize the delivery of Election Mail[1] in a timely manner consistent with the long-standing practices of the United States Postal Service.

4. Defendants shall simultaneously provide Plaintiff with copies of any reporting submissions made to Judge McHugh, Judge Bastian, or Judge Marrero, as required by the Orders entered by federal district courts on September 28, 2020

---

[1] For purposes of this Agreement, the term "Election Mail" shall refer to any item mailed to or from authorized election officials that enables citizens to participate in the voting process, including but not limited to voter registration materials, absentee or mail-in ballot applications, polling place notifications, blank ballots, and completed ballots.

(ECF No. 63) in *Commonwealth of Pennsylvania v. DeJoy et al.*; No. 2:20-CV-04096 (E.D. Pa. Sept. 28, 2020) (McHugh, J.) (attached hereto as Exhibit C), on September 17 and October 2, (ECF Nos. 81 and 90) in *Washington v. Trump et al.*; No. 20-CV-03127 (E.D. Wa. Sept. 17 and Oct. 2, 2020) (Bastian, J.) (attached hereto as Exhibits D and E), and on September 21 and 25, (ECF Nos. 49 and 57) in *Jones v. U.S. Postal Service et al.*; No. 20-CV-6516 (S.D.N.Y. Sept. 21 and 25, 2020) (Marrero, J.) (attached hereto as Exhibits F and G).

5.     This Court shall retain jurisdiction over this matter to ensure that Defendants comply with any directives it issues and this Agreement.

6.     Prior to bringing any dispute regarding compliance with the Court's directives and this Agreement to the Court's attention, Plaintiff shall submit written notice alleging a breach of this Agreement to counsel for Defendants by email. Such notice shall specify precisely the basis for the alleged breach, and shall describe with particularity all of the facts and circumstances supporting such claim. Defendants shall have a period of forty-eight (48) hours after the receipt of such notice described herein to take appropriate action to resolve the alleged claim. Plaintiff may not bring any dispute regarding an alleged breach to the Court until the expiration of the forty-eight (48) hour period.

7.     The Parties agree that they shall jointly move that all deadlines in this action shall be stayed during the period that this Agreement is in effect. The Parties

further agree that they will voluntarily dismiss this action without prejudice on November 30, 2020, so long as there are no unresolved disputes pending on that date as to Defendants' compliance with the Court's directives and this Agreement which were brought by Plaintiff in accordance with Paragraph 6, *supra*. As of the date of the dismissal of this action, all obligations under this Agreement expire concurrent with the dismissal of this action.

8. Nothing in this Settlement Agreement shall constitute or be construed to constitute an admission of any wrongdoing or liability by Defendants, an admission by Defendants of the truth of any allegations or the validity of any claim asserted in this Action, or a concession or admission by Defendants of any fault or omission of any act or failure to act.

9. Each Party shall bear its own costs, fees, and expenses.

10. The terms of the numbered paragraphs of this Settlement Agreement constitute the entire Settlement Agreement of the Parties, and no statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced.

11. The Parties acknowledge that this Settlement Agreement constitutes a negotiated compromise. The Parties agree that any rule of construction under which any terms or latent ambiguities are construed against the drafter of a legal document shall not apply to this Settlement Agreement. This Settlement

Agreement shall be construed in a manner to ensure its consistency with federal law. Nothing contained in this Settlement Agreement shall impose upon Defendants any duty, obligation, or requirement, the performance of which would be inconsistent with federal statutes, rules, or regulations in effect at the time of such performance.

12. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall be deemed one and the same instrument.

For the Parties:

Date: October 14, 2020

RAPHAEL GRAYBILL
Chief Legal Counsel
RYLEE SOMMERS-FLANAGAN
Deputy Legal Counsel
Office of the Governor
P.O. Box 200801
Helena, MT 59620-0801
(406) 444-3179
*Counsel for Plaintiff Governor Bullock*

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC WOMACK
Assistant Branch Director, Federal Programs Branch

JOSEPH E. BORSON
KUNTAL V. CHOLERA
ALEXIS ECHOLS
DENA M. ROTH
JOHN ROBINSON
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 616-8489
john.j.robinson@usdoj.gov